**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michaeline Spader,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States Bureau of Indian Affairs, et al.,<br><br>　　　　Defendants. | No. CV-25-08055-PCT-KML<br><br>**ORDER** |

　　　　Plaintiff Michaeline Spader filed this suit on March 14, 2025. The complaint alleges defendant Bryan Baha was operating a vehicle owned by defendant United States Bureau of Indian Affairs when he struck a vehicle operated by Spader. The complaint appears to assert a claim under the Federal Tort Claims Act. Four days after the complaint was filed, the court issued an order requiring plaintiff file proofs of service no later than June 18, 2025. (Doc. 5.) Spader did not comply with that order and the Clerk of Court closed the case on July 2, 2025.

　　　　On July 8, 2025, Spader filed a motion for reconsideration claiming counsel had served the Department of Interior on May 27, 2025, but counsel "inadvertently failed to file the tracking information confirming such service." (Doc. 7 at 1.) That motion also states there are "unique jurisdictional rules governing service on tribal land," which have caused delay in serving Baha. (Doc. 7 at 2.) Because the statute of limitations on Spader's claims has now run, she requests the case be reopened and the court allow additional time for completion of service.

　　　　There is a sufficient basis to reopen this case but Spader must take immediate action

1  to correct what appear to be significant failures. First, if Spader is attempting to pursue an
2  FTCA claim, "the United States is the only proper party defendant in an FTCA action."
3  *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). Because of that, the
4  current defendants may be improper. *Id.* ("Because the plaintiff brought an FTCA action
5  against a person and entity not subject to the FTCA, the district court properly dismissed
6  the named defendants."). And second, Federal Rule of Civil Procedure 4(i) explains how
7  the United States must be served. Spader's purported attempt to serve the Department of
8  Interior by sending it process via certified mail is likely insufficient.

9        Spader has had almost four months to serve defendants but has not done so. Pursuant
10 to Fed. R. Civ. P. 4(m), Spader is granted an extension of time to complete service, but no
11 additional extensions will be granted absent unusual circumstances. And if unusual
12 circumstances exist, Spader must seek an extension *before* the applicable deadline.

13       Accordingly,

14       **IT IS ORDERED** the Motion for Reconsideration (Doc. 7) is **GRANTED**. This
15 case is **REOPENED**.

16       **IT IS FURTHER ORDERED** plaintiff shall complete service of process on both
17 defendants, and file proofs of that service, no later than **August 8, 2025**. The Clerk of Court
18 shall close this case if no proofs of service are filed by that date.

19       Dated this 10th day of July, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge